J-A13038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.L.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| S.P.S. | |
| Appellant | No. 1341 WDA 2014 |

Appeal from the Order July 15, 2014
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS201300044, Paces No. 921113743

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| R.L.R. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| S.P.S. | |
| Appellant | No. 1645 WDA 2014 |

Appeal from the Order August 21, 2014
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS201300044, Pacses No 921113743

BEFORE: PANELLA, J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED JUNE 24, 2015**

S.P.S.[1] ("Father") appeals from the support orders entered July 15, 2014, and August 21, 2014, in the Erie County Court of Common Pleas. The

_____

[1] "Although the record and the briefs identify the parties by their full names, we will identify the parties in both the caption and in this memorandum by

*(Footnote Continued Next Page)*

July 15, 2014, order made final an interim order entered April 10, 2014, directing Father to pay R.L.R. ("Mother") $570.41 in monthly support for their son ("child"), born August of 2009. The August 21, 2014, order corrected a clerical error in the April 10, 2014, interim order with regard to the parties' respective monthly incomes. The appeals were later consolidated *sua sponte* by this Court. On appeal, Father argues (1) the support obligation set forth in the July 15, 2014, order was not supported by the facts of record, and (2) the trial court had no jurisdiction to enter the August 21, 2014, order. For the reasons that follow, we affirm.

The relevant facts and procedural history of this case are as follows. Mother filed a complaint on January 11, 2013, seeking child support from Father.[2] When she failed to appear for the scheduled child support conference, the complaint was dismissed. Thereafter, Mother filed a second child support complaint on March 13, 2013. A support conference was held on April 4, 2013, and, that same day, the trial court entered a final order directing Father to pay $175.94 per month in child support, based upon its

_____

*(Footnote Continued)* ⸻⸻⸻⸻

their initials to preserve their privacy." **E.W. v. T.S.**, 916 A.2d 1197, 1199 (Pa. Super. 2007).

[2] The record is unclear whether Mother and Father were ever married.

determination that Father had a net monthly income of $2,445.38, and Mother had a net monthly income of $2,171.05.[3]

On March 6, 2014, Mother filed a petition for modification, claiming, *inter alia*, her income had decreased. The parties participated in a modification conference on April 9, 2014. The next day, the court entered an interim order, based upon the conference officer's summary, directing Father to pay $570.41 per month in child support, including arrears. Although the summary listed Mother's net monthly income as $1,601.79, and Father's net monthly income as $3,093.38, the interim order incorrectly repeated the original net monthly income amounts for Mother and Father, as reflected in the prior April 4, 2013, order (*i.e.*, $2,171.05 for Mother and $2,455.38 for Father). **See** Summary of Trier of Fact, 4/10/2014, at 2; Interim Order, 4/10/2014. However, the monthly support payment was correctly stated on the interim order as $570.41 per month. **See** Interim Order, 4/10/2014.

On April 28, 2014, Father filed a demand for a *de novo* hearing, contending Mother's income was "under-reported" and that she was "voluntarily under-employed." Demand for Court Hearing, 4/28/2014. A hearing was conducted on July 11, 2014, during which Father's counsel stipulated that Father's net monthly income for support purposes was

---

[3] The trial court notes in its opinion that an agreement was reached between the parties. See Trial Court Opinion, 10/14/2014, at 3.

$3,093.38. N.T., 7/11/2014, at 5. Thereafter, the trial court entered an order on July 15, 2014, making the April 10, 2014, interim order final. Father filed a timely appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

While that appeal was pending, the trial court was informed by the Erie County Domestic Relations Office that the April 10, 2014, interim order contained a clerical error, namely, the order listed the incorrect respective incomes of the parties. Accordingly, on August 21, 2014, the court entered a clarification order, in which it explained that, in the April 10, 2014, interim order, the Domestic Relations computer system "incorrectly pulled [the] parties' respective incomes from a prior Final Order," *i.e.*, the April 4, 2013, order, and stated that the April 10, 2014, order should have reflected Mother's income as $1,601.79 per month, and Father's income as $3,093.38 per month. Clarification Order, 8/21/2014. The court also noted that all other aspects of the prior order, including Father's support obligation of $570.41 per month, remained the same. *See id.* Father filed a second appeal, and concise statement, from the August 21, 2014, clarification order. As noted above, this Court consolidated the appeals *sua sponte*.

When considering a trial court's decision to modify a child support award, our standard of review is well settled:

> A trial court's decision regarding the modification of a child support award will not be overturned absent an abuse of discretion, namely, an unreasonable exercise of judgment or a misapplication of the law. *See Schoenfeld v. Marsh*, 418 Pa.Super. 469, 614 A.2d 733, 736 (1992). An award of support,

- 4 -

once in effect, may be modified *via* petition at any time, provided that the petitioning party demonstrates a material and substantial change in their circumstances warranting a modification. **See** 23 Pa.C.S.A. § 4352(a); **see also** Pa.R.C.P. 1910.19. The burden of demonstrating a "material and substantial change" rests with the moving party, and the determination of whether such change has occurred in the circumstances of the moving party rests within the trial court's discretion. **See Bowser v. Blom**, 569 Pa. 609, 807 A.2d 830 (2002).

**Plunkard v. McConnell**, 962 A.2d 1227, 1229 (Pa. Super. 2008), *appeal denied*, 980 A.2d 111 (Pa. 2009).

Father raises two claims on appeal, which we will address together. First, Father contends the July 15, 2014, order was erroneous because the parties' respective net monthly incomes, as reflected in that order, suggested Father's monthly support obligation to Mother should have amounted to only $214.59 per month. Furthermore, because Father shares 50% custody of child, he argues his support obligation should be further reduced to $142.11 per month.

Second, Father asserts the August 21, 2014, clarification order was a nullity because (1) the changes to the July 15, 2014, order were made after more than 30 days had passed in violation of 42 Pa.C.S. § 5505,[4] and (2)

_____

[4] The statute provides as follows:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

*(Footnote Continued Next Page)*

the trial court had no jurisdiction to take any further action in this matter, pursuant to Pa.R.A.P. 1701, after Father filed an appeal from the July 15, 2014 order.[5]  Although Father recognizes that Rule 1701 permits a court to take certain action, such as correct clerical errors, after an appeal is filed, he argues that, the August 21, 2014, clarification order sought "to change the findings of fact after an appeal [had] already been taken, so that the conclusion of law [was] supportable."  Father's Brief at 15.

After a comprehensive review of the record, the parties' briefs, and the relevant statutory and case law, we find that the trial court's October 14, 2014, opinion provides a thorough and well-reasoned discussion of the issues raised by Father on appeal.  Accordingly, we adopt the sound reasoning of the trial court as dispositive.[6]  **See** Trial Court Opinion, 10/14/2014, 6-18 (explaining that (1) record of July 11, 2014, *de novo* hearing supported factual finding that Father's net monthly income was $3,093.38, as stipulated, and Mother's net monthly income was $1,601.79;

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

42 Pa.C.S. § 5505.

[5] Rule 1701 states that "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."  Pa.R.A.P. 1701(a).

[6] We have redacted the names of Father, Mother, and Child from the copy of the trial court opinion attached to our memorandum decision.  We direct the parties to attach a redacted copy of the opinion in the event of further proceedings.

(2) the monthly child support award of $570.41 was calculated properly under the support guidelines with credit to Father for shared custody; (3) Father's support calculations rest "upon the procedurally defective Interim Order dated April 10, 2014, which, due to computer clerical errors in the Erie County Domestic Relations computer system, incorrectly reflected" the parties' respective incomes;[7] (4) the Conference Summary of Trier of Fact, drafted by the conference officer after the April 8, 2014, hearing, correctly stated the parties' respective net monthly incomes; (5) Father's counsel stipulated to his net monthly income of $3,093 during the *de novo* hearing; (6) the $570.41 monthly support amount did include a credit for Father's shared custody; and (7) the court acted within its inherent authority to correct two clerical errors in the prior order, caused by the Domestic Relations computer system).[8]

Because we conclude Father is entitled to no relief, we affirm the orders on appeal.

_____

[7] Trial Court Opinion, 10/14/2014, at 9. **See also id.** at 9-10 (detailing how computer error occurred), and Exhibit A (email correspondence regarding computer error).

[8] **See Manack v. Sandlin**, 812 A.2d 676, 680 (Pa. Super. 2002) (explaining 42 Pa.C.S. § 5505 and Pa.R.A.P. 1701 "must be read in conjunction with the inherent power of the courts 'to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term.'") (citation omitted), *appeal denied*, 819 A.2d 548 (Pa. 2003).

Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/24/2015

R██████L. R██████,
        Plaintiff/Appellee

v.

S██████ P. S██████,
        Defendant/Appellant

:  IN THE COURT OF COMMON PLEAS
:  OF ERIE COUNTY, PENNSYLVANIA
:
:
:  PACSES No. 921113743
:  Docket No. NS201300044
:

APPEARANCES:    Isaac W. Pineo, Esq., on behalf of S██████P. S██████ Appellant

               R██████L. R██████ *Pro Se*, Appellee

## OPINION

Domitrovich, J., October 14th, 2014

This Child Support case is currently before the Superior Court of Pennsylvania on the appeal of S██████ P. S██████ (hereafter referred to as "Appellant") from this Trial Court's Final Order dated July 15, 2014, wherein the child support obligation for the parties' minor child, X██████ S██████ (DOB 8██/09) of $546.35 per month, plus $24.06 per month for arrears, was established based on Appellant's stipulated current monthly net income of $3,093.38 at the time of the *de novo* hearing and this Trial Court's finding of Appellee's current monthly net income of $1,601.79 as a part-time personal trainer for the elderly and a part-time bartender, and was appropriate after review of Appellant's and R██████ L. R██████'s (hereafter referred to as "Appellee") updated 2014 monthly net income information and her credible testimony and the evidence presented. Appellant further appealed this Trial Court's Clarification Order dated August 21, 2014, which corrected the Erie County Domestic Relations two computer clerical errors within the Interim Order dated effective April 10, 2014, but signed by this Trial Court contemporaneously with the Final Order dated July 15, 2014, as the parties' monthly net incomes were accidentally pulled by the computer from the Final Order of the year **2013** and defaulted

1

into the Interim Order dated effective April 10, 2014. By the Clarification Order dated August 21, 2014, Appellant's monthly net income was thereby correctly stated at the updated 2014 monthly net amount of $3,093.38, rather than the 2013 monthly net amount of $2,455.38, and Appellee's monthly net income was correctly stated at the updated 2014 monthly net amount of $1,601.79, rather than the 2013 monthly net amount of $2,171.05. Overall, the final result – the $546.35 for Appellant's monthly child support obligation – remained the same as this Trial Court had used initially the correct figures for the monthly child support calculations.

## A. Factual and Procedural History

The factual and procedural history of this case is as follows: Appellee, *pro se*, initially filed a Complaint for Support – New Complaint on January 11, 2013 requesting an Order be entered against Appellant and in favor of Appellee on behalf of the minor child, X▮▮▮ L. S▮▮▮ (DOB 8▮▮/09) for reasonable child support, medical coverage, and child care expenses. By Order of Court dated January 15, 2013, Appellee and Appellant were directed to appear at the Erie County Domestic Relations Office for a conference hearing on February 11, 2013 at 9:00 a.m. The conference was held on February 11, 2013 to address Appellee's Complaint for Child Support. Appellant appeared and was represented by Jennifer B. Hirneisen, Esquire, on behalf of Appellant's then-counsel, Kimberly A. Oakes, Esquire. Appellee, *pro se*, failed to appear and failed to contact the Domestic Relations Office to explain her absence. The conference officer recommended, due to Appellee's failure to pursue the Complaint for Support, the Complaint should be dismissed. By Order of Court dated February 11, 2013, Appellee's Complaint for Support was dismissed, and court costs were assessed to Appellee and said case was closed.

Appellee, *pro se*, filed a second Complaint for Support – New Complaint on March 13, 2013 requesting an Order be entered against Appellant and in favor of Appellee and the minor

2



child for reasonable child support, medical coverage, and day care expenses. By Order of Court dated March 15, 2013, Appellee and Appellant were directed to appear at the Erie County Domestic Relations Office for a support conference hearing on April 4, 2013 at 1:15 p.m. The conference was held on April 4, 2013 to address Appellee's Complaint for Support. After an agreement was reached between Appellant and Appellee, the Final Order of Court dated April 4, 2013 was entered as follows based on Appellant's 2013 monthly net income of $2,455.38 and Appellee's 2013 monthly net income of $2,171.05: Appellant would pay child support in the amount of $175.94 per month for one minor child, which would include child care, insurance premium adjustment, and 50/50 custody; Appellant additionally would remit $24.06 per month towards arrears; Appellant would continue to provide medical coverage for the minor child through his employment; and the Order would be effective March 13, 2013, the date of filing, but the Order of Court was signed April 4, 2013. It is important to note that this Order of Court dated April 4, 2013 calculated the monthly child support obligation using Appellee's monthly net income of $2,171.05 and Appellant's monthly net income of $2,455.38, which were appropriate at that time for the parties' 2013 income in March of 2013.

This instant appeal before the Pennsylvania Superior Court involves Appellee filing a Petition for Modification of the Existing Support Order, almost a year later on March 6, 2014, requesting an increase in child support as her reported income had decreased and alleging Appellant had additional income he did not report. Appellee also requested Appellant pay a portion of the day care expenses and correct an issue with the health insurance Appellant had provided. By Order of Court dated March 7, 2014, Appellee and Appellant were directed to appear at the Domestic Relations Office for a conference on March 31, 2014 at 1:30 p.m. By Order of Court dated March 19, 2014, the above-referenced conference was rescheduled to April

3

9, 2014. On April 10, 2014, the Conference Officer's Summary of Trier of Fact was filed (See Exhibit C) through the Domestic Relations Office, whereby the child support obligation of $546.35 per month, plus $24.06 per month for arrears for a total support obligation of $570.41 per month, and was derived from Appellee's monthly net income of $1,601.79 and Appellant's monthly net income of $3,093.38[1]. The initial Interim Order *per curiam* with the effective date of April 10, 2014 was then entered.[2]

On April 28, 2014, Appellant filed a Demand for a *de novo* hearing before the undersigned trial judge, alleging Appellee was under-reporting her income, she was receiving money in tips that was not accounted for, and she was voluntarily under-employed and should be assessed income-based on full-time employment. By Order of Court dated April 30, 2014, Appellee and Appellant were directed to appear before this Trial Court for a *de novo* hearing on June 5, 2014 at 3:00 p.m. On May 27, 2014, Appellant's counsel, Isaac W. Pineo, Esq., filed a Motion to Continue, citing counsel's unavailability for the *de novo* hearing, which was granted by this Trial Court on May 30, 2014. By Order of Court dated June 3, 2014, the above-referenced *de novo* hearing was rescheduled to July 11, 2014. On July 11, 2014, this Trial Court heard testimony from both parties and admitted evidence requested by the parties during a full de novo hearing, at which Appellee appeared *pro se* and Appellant appeared with his counsel, Isaac

---

[1] This Court notes that, due to a computer clerical error, the Interim Order dated April 10th, 2014 incorrectly and mistakenly stated Appellee's monthly net income as $2,171.05, rather than $1,601.79, and Appellant's monthly net income as $2,455.38, rather than $3,093.38. These clerical errors were present at the time the *per curiam* Interim Order was initially entered on April 10, 2014 by the Domestic Relations Office; moreover, the current monthly child support obligation was correctly stated as $546.35 per month on this Interim Order as well as within the Conference Officer's Summary of Trier of Fact. However, as soon as the clerical errors were discovered by the Domestic Relations Office, this Trial Court immediately clarified and corrected the computer clerical errors concerning the monthly net incomes of the parties without substantially or substantively affecting the final result - the monthly child support obligation of $546.35.

[2] The Interim Order dated effective April 10, 2014 correctly reflected the said monthly child support obligation amount of $546.35, plus a monthly arrears payment of $24.06, for a total monthly child support obligation of $570.41; however the computer pulled by accident the parties' previous year's monthly net incomes and reflected these amounts, although these 2013 monthly net incomes were not used to derive the $546.35 per month for child support.

W. Pineo, Esq. By Order of Court dated July 15, 2014, the Interim Order dated April 10, 2014, with the monthly child support obligation of $546.35, was made final and the monthly child support obligation of $570.41, which included an arrears amount of $24.06, remained intact as the appropriate amount for Appellant to pay in monthly child support.

Appellant filed his Notice of Appeal to the Pennsylvania Superior Court, appealing the Final Support Order dated July 15, 2014, and his Statement of Matters Complained of on Appeal on August 13, 2014. This Trial Court filed its 1925(b) Order on August 13, 2014.[3] This Trial Court filed a Clarification Order on August 21, 2014, wherein the Court explained that two computer clerical errors were made through the Domestic Relations Office, and this Trial Court procedurally corrected only the monthly net incomes stated on the Interim Order dated April 10, 2014, consistent with the monthly net incomes from which the monthly child support Order of $546.35 was derived.[4] Appellant filed a second Notice of Appeal to the Pennsylvania Superior Court, appealing this Trial Court's Clarification Order dated August 21, 2014, on September 12, 2014. Appellant filed a second Statement of Matters Complained of on Appeal on September 29, 2014.

## B. Issues Raised by Appellant

In his first Pa. R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal, Appellant complains the appropriate child support obligation is $214.59 per month, although he based his figures on the two computer clerical errors, the incorrect 2013 monthly net incomes for

---

[3] Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), this Trial Court directed Appellant file a Concise Statement of Errors Complained of on Appeal by Order of Court dated August 13, 2014, even though Appellant filed his Concise Statement prior to this Court's 1925(b) Order.

[4] This Trial Court notes that, although the monthly net incomes on the Interim Order dated April 10, 2014 were clarified and corrected, all other aspects of the Interim Order, including the monthly child support obligation of $546.35, were correct and remained in full force and effect, and this Trial Court notes that the initial 2014 Interim Order before the *de novo* hearing also had the mistaken 2013 monthly net incomes added and that the parties could have seen that these amounts on the *per curiam* Interim Order were inconsistent with the 2014 Summary of Trier of Fact.

5

the parties, instead of the 2014 updated monthly net incomes and also based on his incorrect application of the "Substantial or Shared Physical Custody Adjustment" pursuant to Rule 1910.16-4 of the Pennsylvania Rules of Civil Procedure. In his second Pa. R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal, Appellant complains this Trial Court was without continuing jurisdiction to make any necessary procedural changes to the Interim Order dated April 10, 2014, although as this Interim Order remained on the record before the demand for *de novo* hearing with these two patent computer errors, the parties did not request to correct these errors; therefore, this Trial Court, after the *de novo* hearing and after being notified by the Domestic Relations Office of these two clerical errors, corrected these two errors immediately, which did not affect the final result – the monthly child support obligation amount of $546.35, plus $24.06 per month for arrears for a total monthly child support obligation of $570.41 – because this Trial Court used the correct monthly net incomes for these child support calculations. Appellant argues said changes to the Interim Order were made after an appeal had been taken, and he claims directly affected the "substance" of his appeal and, therefore, he considers the changes as substantive, rather than clerical as stated by this Trial Court.

After a thorough review of relevant statutory and case law, this Trial Court finds both of Appellant's arguments are without merit and will address each argument as follows.

1.  **This Trial Court did not abuse its discretion in entering its Final Order dated July 15th, 2014, whereby the child support in the amount is $546.35 per month was established, and in contemporaneously signing the Interim Order with the effective date of April 10th, 2014, the date of filing the Petition for Modification.**

The standard of appellate review of child support matters has not changed; a review court must apply an *abuse of discretion* standard. *Ball v. Minnick*, 648 A.2d 1192, 1196 (Pa. 1994). "Abuse of discretion" is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of

6

partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. *See Ashbaugh v. Ashbaugh*, 627 A.2d 1210, 1213 (Pa. Super. 1993). A support order will not be disturbed on appeal unless the Trial Court failed to consider properly the requirements of the Rules of Civil Procedure Governing Actions for Support, Pa. R. Civ. P. 1910.1 *et seq.*, or abused its discretion in applying these Rules. *Ball*, 648 A.2d at 1196.

During the full de novo hearing on July 11, 2014, this Trial Court heard testimony and received evidence. Appellant's counsel, Isaac W. Pineo, Esq., stipulated and confirmed that Appellant's net income is $3,093.38 per month, as taxes are not applicable to disability income. *Transcript of De Novo Hearing, July 11, 2014, pg. 5, lines 10-12, 18-20*. Appellee R███L. R███ indicated to this Trial Court she is employed as a part-time personal trainer for the elderly and her service included nutritional counseling, program writing, and hands-on personal training and spends nine (9) hours per week training her elderly clients at their homes and eleven (11) hours per week training her elderly clients at her home, for a total of twenty (20) hours per week at $17.50 per hour. *Transcript, pg. 6, lines 8-23*. Appellee further indicated she is employed as a part-time bartender at the Avonia Tavern and works Wednesday evenings and every other Sunday evening between six (6) to twelve (12) hours per week. *Transcript, pg. 7, line 23 – pg. 8, line 11*. Appellee estimated her total hours of work per week between twenty-eight (28) and thirty-two (32) hours. *Transcript, pg. 8, lines 12-14*. During cross-examination, Appellee stated her average monthly gross income from personal training is $1,500. *Transcript, pg. 19, lines 19-22*. Appellee also confirmed her average monthly gross income from the Avonia Tavern is $605.93. *Transcript, pg. 23, lines 4-14*. Appellee stated that with her part-time personal training, her summers are busier than her winters as she primarily works with elderly individuals, who she refers to as "snowbirds." *Transcript, pg. 25, lines 21-25*. Appellee estimated her expenses to be

7

$340 per month for groceries, $1,030 per month for mortgage, $99 per month for sewage/garbage, $65 per month for electricity, $20 per month for internet, $45 per month for her cell phone, $200 per month for auto insurance, $160 per month for gas, $228 per month for child care, $98 per month for heat, and $25 per month for clothes for minor child, X█████ which Appellee agreed totaled $2,321 per month for total expenses. *Transcript, pg. 33, line 2 – pg. 38, line 6.* Appellee stated she has late fees, is one and a half months behind on her mortgage, and is frequently behind and not getting her bills paid. *Transcript, pg. 38, lines 7-8, 16-17.* In his closing argument, Attorney Pineo once again stipulated to Appellant's net income of $3,093.38 per month. *Transcript, pg. 39, lines 23-24.* Attorney Pineo indicated the parties share physical custody of the minor child, X█████ S█████, and referenced Rule 1910.16-4, which allows for a reduction in Appellant's monthly child support obligation because Appellant has custody of the minor child at least 40% of the time.[5] *Transcript, pg. 42, line 22 – pg. 43, line 4.* In her closing argument, Appellee stated that her summers are busier because her clients, "snowbirds," have returned to Erie County; she struggles very hard through the winter; it takes her all summer to get caught up on her bills; and she has no disposable income. *Transcript, pg. 45, lines 19-24.* This Trial Court also received into evidence Appellee's income 2012 tax records and her current paystubs from the Avonia Tavern. Based on Appellant's counsel's stipulation as to Appellant's monthly income, Appellee's credible testimony of her monthly income and expenses, and the evidence received, this Trial Court accepted Appellant's stipulated monthly net income is $3,093.38 and found Appellee's monthly net income is $1,601.79. Therefore, this Trial Court found the Interim Order dated April 10, 2014, wherein a monthly child support obligation of $546.35 was established, was appropriately calculated pursuant to the Pennsylvania Rules of

---

[5] This Trial Court acknowledged the parties share custody of the minor child and provides Appellant an appropriate reduction for Appellant in considering the monthly child support obligation.

8

Civil Procedure using the 2014 monthly net incomes found by this Trial Court and entered a Final Order dated July 15, 2014. When the Interim Order was made final, this Trial Court was not aware that the computer mistakenly indicated the parties' 2013 monthly net incomes instead of the parties' updated 2014 net incomes, although the appropriate 2014 monthly net incomes were used in the calculations with the computer.

Appellant alleges, pursuant to Pennsylvania Rule of Civil Procedure 1910.16-3, the parties' guideline monthly child support obligation should be $933.00 per month, based upon figures that do not appear on the record for the parties' monthly incomes in 2014. Appellant alleges an unstipulated amount of Appellee's 2013 monthly net income of $2,171.05 and alleges an unstipulated amount of Appellant's 2013 monthly net income of $2,455.38, providing a combined monthly net income of $4,626.43. Appellant further alleges his share of this guideline monthly child support obligation is $494.49, which represents 53% of $933.00.

Finally, Appellant alleges, based upon the "Substantial or Shared Physical Custody Adjustment" of Pa. R. Civ. P. 1910.16-4, his percentage of the guideline monthly child support obligation should be reduced by 30% as both parties share equal custody of the minor child; therefore, Appellant alleges his share of the guideline child support obligation is 23% of $933.00, or $214.59 per month, based upon the parties' 2013 monthly net incomes, instead of the appropriate monthly net incomes for 2014.

Appellant's arguments rests upon the procedurally defective Interim Order dated April 10, 2014, which, due to computer clerical errors in the Erie County Domestic Relations computer system, incorrectly reflected Appellant's 2014 monthly net income as $2,455.38 and Appellant's 2014 monthly net income as $2,171.05 instead of the proper 2014 monthly net amount of $3,093.38 for Appellant as stipulated by Appellant's counsel and the proper 2014 monthly net

9

amount of $1,601.79 for Appellee as this Trial Court had found after the full *de novo* hearing on July 11, 2014. According to the Domestic Relations personnel, in an e-mail attached hereto as Exhibit A, when the calculations were performed on the Pennsylvania Child Support Program computer system (hereafter referred to as "PACSES") for the instant case, the calculations were not saved in the system before the conference officer generated the Order into "Forms Workspace," the area in PACSES where the conference officer can add conditions onto a New Order, an Interim Order, or a Modified Order. If a conference officer does not save the current calculations into PACSES before sending a New, Interim, or Modified Order, the most recent incomes saved in PACSES default into the current Order. Prior to the Interim Order dated April 10, 2014, a Final Order dated April 4, 2013 existed in PACSES for the instant case and according to said Final Order, Appellant's 2014 monthly net income was mistakenly reflected as $2,455.38 and Appellee's 2014 monthly net income was mistakenly reflected at $2,171.05. Therefore, because the conference officer inadvertently did not save the most recently calculated incomes for the Interim Order dated April 10, 2014, i.e., $3,093.38 monthly net income per month for Appellant and $1,601.79 monthly net income per month for Appellee, the 2013 monthly net incomes reflected on the Final Order dated **April 4, 2013** were incorporated by default into the procedurally defective Interim Order dated April 10, 2014. These two computer clerical errors, caused solely within the PACSES system, were not within this Trial Court's control and do not amount to an abuse of discretion by this Trial Court. In fact, the Conference Summary of Trier of Fact, drafted by the conference officer following the April 9, 2014 support conference and made readily available to both parties and counsel, clearly stated the correct amounts of the most recent monthly incomes reported by the parties reflecting a 2014 monthly net income of $3,093.38 for Appellant and a 2014 monthly net income of $1,601.79 for

10

Appellee. (See Exhibit C). Furthermore, the incorrect 2013 monthly net incomes reflected in the Interim Order as 2014 monthly net incomes were not made on the date of the Final Order dated July 15, 2014; rather, these incorrect monthly net incomes were reflected in the Interim Order on the date of April 10, 2014. Following the support conference hearing on April 9, 2014, the Erie County Domestic Relations Office entered the Interim Order *per curiam*, i.e., without reference to a specific judge, as is custom in Erie County. Following the *de novo* hearing on July 11, 2014, this Trial Court entered its Final Order dated July 15, 2014, whereby this Interim Order was made Final, without this Trial Court having knowledge of the procedurally defective Interim Order at the time as to the incorrect monthly net incomes were reflected, but continued to state the correct monthly child support obligation. However, Appellant was privy to the procedurally defective Interim Order, as Appellant and Appellee who were present at the April 9, 2014 support conference and would have subsequently received the procedurally defective Interim Order, and would have been aware of the incorrect 2013 monthly net incomes placed on the Order, which then Appellant and his counsel or the Appellee could have made this Trial Court aware of at the time of the *de novo* hearing. Finally, Appellant's counsel himself affirmed Appellant's net income at the beginning of the *de novo* hearing, stating:

> THE COURT: I first want to start off, does anyone – do you stipulate as to Defendant's income? Because everything seems to focus on Plaintiff's income.
>
> MR. PINEO: That's correct. He gets paid in a very systematic way through the Department of Corrections, and the $3,093 is active.
>
> THE COURT: Is that correct, ma'am?
>
> MS. R█████: I guess so, yes, to my knowledge.
>
> THE COURT: So are you going to stipulate to that so we're not going to litigate that today?
>
> MS. R█████: Yes.

11

THE COURT:       How much is it, Attorney Pineo? I have $3,093.38?

MR. PINEO:       That's correct.

*Transcript, pg. 5, lines 7-20.*

In addition, although the monthly net incomes reflected on the Interim Order dated April 10, 2014 were incorrect, the current monthly child support obligation of Appellant was calculated correctly as confirmed by the computer system in the Erie County Domestic Relations Office in the e-mail dated August 19, 2014. (See Exhibit A). According to the calculations performed in PACSES by the support conference officer following April 9, 2014 support conference hearing, attached hereto as Exhibit B, Appellant received non-taxable disability net income in the amount of $3,093.38 per month. Appellee received wages in the gross amount of $605.93 per month and also received self-employment gross income of $1,368.75 per month, which equaled $1,974.68 of total gross income per month. However, Appellee's total gross monthly income is taxed in the following amounts: $62.21 in state taxes, $22.71 in local taxes, $37.57 in FICA taxes, $45.45 in Medicare taxes, $48.21 in federal taxes, and $156.74 in SECA taxes, which equals $372.89 in total taxes per month. By subtracting Appellee's total monthly tax obligation of $372.89 from her total gross monthly income of $1,974.68, Appellee's total net income is $1,601.79 per month. Adding both parties' monthly net incomes equals a total net income of $4,695.17 per month. Pursuant to Rule 1910.16-3 of the Pennsylvania Rules of Civil Procedure, a total monthly net income of $4,695.17 corresponds to a guideline amount of $939.00 per month. As Appellant is responsible for approximately 65.88% of the total monthly net income, he is responsible for 65.88% of the guideline amount of $939.00, which would equal $618.61 per month[6]. After a decrease of $186.48 for substantial or shared custody[7] and an

---

[6] See PA R. Civ. P. 1910.16-4, "Part I. Basic Child Support"
[7] See id., "Part II. Substantial or Shared Physical Custody Adjustment"

12

increase of $114.22 for child care expenses[8], the current child support obligation is $546.35 per month. After including $24.06 per month towards arrears, Appellant is responsible for a total monthly child support obligation of $570.41 per month, which is correctly reflected on the Interim Order dated April 10, 2014.

Appellant's argument regarding a reduction in his monthly child support obligation for "Substantial or Shared Custody," pursuant to Rule 1910.16-4 of the Pennsylvania Rules of Civil Procedure, also fails as Appellant incorrectly states the procedure of this particular section of Rule 1910.16-4. Appellant argues his percentage of the guideline child support obligation should be reduced by 30% because the parties share 50/50 custody; however, Appellant is incorrect because after proper calculation, Appellant is only entitled to a 19.86% reduction for the parties' 50/50 custody. According to the "Substantial or Shared Physical Custody Adjustment" section of Rule 1910.16-4, the percentage of time spent with the child is first reduced by 30%. In the instant case, the parties share 50/50 custody of the minor child. As reflected in the Domestic Relations Office's Share Custody Summary (See Exhibit G), Appellant is attributed 182 overnights per year with the child, which equals 49.86% of share custody[9]; so, Appellant's 49.86% of time with the child is reduced by 30%, equaling 19.86%. This 19.86% is then subtracted from Appellant's percentage of the guideline monthly child support obligation, which, as stated above, is 65.88%. Therefore, Appellant's adjusted percentage of the guideline monthly child support amount is 46.02%. By subtracting Appellant's adjusted guideline child support obligation, which equals $432.13 (the above-referenced $939.00 guideline amount multiplied by Appellant's adjusted percentage of 46.02%) from Appellant's original guideline child support obligation, which equals $618.61 (the above-referenced $939.00 guideline amount multiplied by Appellant's

---

[8] See PA R. Civ. P. 1910.16-6(a).
[9] 182 overnights/year divided by 365 days/year equals 49.86%.



original percentage of 65.88%), Appellant receives a reduction for share custody in the amount of $186.48, which is accurately reflected in the child support guideline calculations. (See Exhibit B).

Therefore, in entering the Final Order dated July 15, 2014, the Interim Order of Court dated April 10, 2014 with the final monthly child support obligation of $546.35, plus $24.06 per month for arrears for a total monthly child support obligation of $570.41, was appropriately calculated and became final. Contrary to Appellant's assertions, this Trial Court in the instant case, by merely correcting procedurally two computer errors which did not affect the monthly child support obligation of $546.35, did not "override or misapply the law," did not "exercise manifest un-reasonability in its judgment," did not "demonstrate partiality, prejudice, bias or ill-will," and otherwise did not abuse its discretion in any manner. Rather, this Trial Court properly concluded by Appellant's own stipulation that his 2014 monthly net income is $3,093.38; this Trial Court properly found that, after hearing testimony and reviewing admitted exhibits, Appellee's 2014 monthly net income is $1,601.79; a proper reduction for shared 50/50 custody is attributed to Appellant's monthly child support obligation pursuant to Rule 1910.16-4; and this Trial Court properly found, using these amounts of monthly net income and reductions attributable, the current child support obligation for 2014 is properly calculated at $546.35 per month using the parties' current monthly incomes. This Trial Court finds Appellant's first argument is without merit.

2.  This Trial Court was within its authority to enter the Clarification Order dated August 21st, 2014, whereby the Interim Order dated April 10th, 2014 was corrected to reflect the 2014 monthly net income of $3,093.38 stipulated by Appellant and a 2014 monthly net income of $1,601.79 for Appellee, instead of the 2013 monthly net incomes that the Domestic Relations Office computer system pulled by mistake.

14

Chapter 17 of the Pennsylvania Rules of Appellate Procedure governs the effects of appeals, supersedeas, and stays. *See Pa. R. A. P. 1701 et seq.* Rule 1701 of the Pennsylvania Rules of Appellate Procedure states that after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter. *Pa. R. A. P. 1701(a).* However, a trial court or other government unit has the limited authority after an appeal or review of a quasi-judicial order to take action necessary to preserve the status quo; correct formal errors in papers relating to the matter; cause the record to be transcribed, approved, filed and transmitted; grant leave to appeal *in forma pauperis*; grant supersedeas; and take other actions permitted by the Rules of Appellate Procedure. *See Pa. R. A. P. 1701(b)(1).* Subdivision (b)(1) of Pa. R. A. P. 1701 sets forth the obvious authority of the lower court or agency under these rules to take appropriate action to preserve the status quo and **to clarify or correct an order or verdict.** *See Pennsylvania Industrial Energy Coalition v. Pennsylvania Public Utility Commission,* 653 A.2d 1336, 1344 (Pa. Commw. Ct. 1995) [emphasis added]. Examples of permissible corrections are "non-substantial technical amendments to an Order, changes in the form of a decree, and modification of a verdict to add pre-judgment interest." *See id.* More specifically, where the adjudicator's action does not require the exercise of discretion, the computation is a clerical matter based on the face of the record and no fact finding is required, the amendment to an order under appeal is allowed. *Pellizzeri v. Bureau of Professional and Occupational Affairs,* 856 A.2d 297, 302 (Pa. Commw. Ct. 2004). Such actions have no effect on the appeal or petition for review and cannot prompt a new appealable issue. *See Pennsylvania Industrial Energy Coalition,* 653 A.2d at 1345.

After immediately discovering the two computer clerical errors on August 18, 2014 in the Interim Order, this Trial Court entered a Clarification Order dated August 21, 2014 to clarify

15

these two computer clerical errors on that Interim Order. Pursuant to the Clarification Order dated August 21, 2014, the first portion of the first paragraph of the Interim Order was clarified and corrected to read:

> "AND NOW, 10[TH] DAY OF APRIL, 2014, based upon the Court's determination that the Payee's monthly net income is $1,601.79 and the Payor's monthly net income $3,093.38...."[10]

Pursuant to Pa. R. A. P. 1701(b)(1) and the relevant case law, this Trial Court was within its authority to enter the above-referenced Clarification Order as these two procedural changes do not directly affect the substance of the appeal and these two procedural changes were not substantive in nature; rather these two changes were merely clerical. This Trial Court did not exercise any discretion or any powers to change the Interim Order nor did this Trial Court conduct fact-finding in the Interim Order; rather, these two clerical errors within the Interim Order were generated solely from PACSES and appear clearly as computer errors on the face of the Order to which Appellant and his counsel or Appellee could have seen these two computer clerical errors before the *de novo* hearing since these errors existed two months before this Trial Court held the *de novo* hearing and entered its Final Order. (See Appellant's first argument above). Additionally, after clarifying the first portion of the first paragraph of the Interim Order, this Clarification Order maintained Appellant's current monthly child support obligation of $546.35 per month as calculated correctly and all other aspects of the Interim Order remained in full force and effect.

Furthermore, Appellant argues this Trial Court was without continuing jurisdiction to make these two procedural changes to the Interim Order entered on July 15, 2014, and corrected after thirty (30) days with a Clarification Order dated August 21, 2014. Pursuant to 42 Pa. C. S. § 5505, this Trial Court is aware that a court may modify or rescind any order within thirty days

---

[10] See Clarification Order dated August 21, 2014.

16

after its entry, if no appeal has been taken; however, once a notice of appeal is filed, this Trial Court cannot take further action in the matter, pursuant to Pa.R.A.P. 1701(a). *See Manack v. Sandlin*, 812 A.2d 676, 680 (Pa. Super. 2002). However, this rule must be read in conjunction with the inherent power of a trial court to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the thirty (30) day time limit. *See id.*; *see also Commonwealth v. Cole*, 263 A.2d 339 (Pa. 1970) (the Pennsylvania Supreme Court held a trial court had inherent authority to correct an erroneous order two and one-half months after the 30-day statutory period allowing amendment of orders had lapsed, reasoning that "the 1959 statute was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees."). In the instant case, the Interim Order was made final on July 15, 2014, but dated April 10, 2014 to reflect the effective date of the Appellee's filing the Petition for Modification. Neither Appellant's counsel nor Appellee brought to this Trial Court's attention the two patent mistakes of the use of 2013 prior monthly net incomes in the Interim Order of April 10, 2014. Appellant's counsel even stipulated to Appellant's 2014 monthly net income as $3,093.38. Patently, the computer's use of the monthly net income of $2,455.38 for Appellant and the use of Appellee's 2013 monthly net income instead of this Trial Court's finding of her 2014 updated monthly net income were in error. Therefore, pursuant to the holdings in *Manack* and *Cole*, this Trial Court was within its authority to enter the Clarification Order dated August 21, 2014, whereby the Interim Order dated April 10, 2014 was clarified and corrected to reflect the proper 2014 monthly income as stipulated by Appellant's counsel and the proper 2014 monthly net income for the Appellee as found by this Trial Court, even after thirty (30) days had elapsed. This Trial Court finds Appellant's second argument is without merit.



## C. Conclusion

For the foregoing reasons, this Trial Court finds the instant Appeal is without merit.

BY THE COURT:

Stephanie Domitrovich, Judge

cc:   Isaac W. Pineo, Esq., 262 Chestnut Street, Meadville, PA 16335
      R████ L. R████, ████████████████ Edinboro, PA 16412
      Carlo J. Fachetti, Conference Supervisor, Domestic Relations

18       PAGE ___ OF ___