**Robert MANACK, Appellee**

v.

**David SANDLIN, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 5, 2002.
Filed Oct. 25, 2002.

---

**16.** We recognize that the Orphans' court judge did not have the benefit of our decision rendered in *Adoption of A.J.B.*

David Sandlin, appellant, pro se.

Felix DeGuilio, Pittsburgh, for appellee.

Before: DEL SOLE, P.J., GRACI, and MONTEMURO,* JJ.

GRACI, J.

¶ 1 Appellant David Sandlin appeals from a judgment order in one of two cases consolidated for purposes of appeal.[1] For the following reasons, we affirm the judgment entered at AR–01–003888 and AR–01–005427.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. *AR–01–003888*

¶ 2 The first case at issue is a landlord/tenant action in which the district justice entered judgment against the Appellant/tenant, David Sandlin (Sandlin) for rental arrears in the amount of $8,030.78. Sandlin appealed and Appellee/landlord

Robert Manack (Manack) was ruled to file his complaint within twenty days. Manack timely filed his Complaint and an arbitration hearing date was set for November 1, 2001. Attached to the complaint was a written hearing notice required by Allegheny County Local Rule 1303(a) regarding the parties' duty to appear and the consequences for failure to appear at an arbitration hearing.

¶ 3 On August 14, 2001, Sandlin filed his Answer and Notice of Intention to appear at the November 1, 2001, arbitration hearing. When Sandlin failed to appear, Manack immediately appeared before the trial court pursuant to Local Rule 1303 for a non-jury trial. Because Sandlin failed to appear to defend, the trial court entered a non-jury verdict against Sandlin in the amount of $6,267.50 plus $1,162.50 in counsel fees.

¶ 4 The trial court's original Non–Jury Trial Verdict was dated October 30, 2001. However, both the trial transcript and the Arbitration Disposition List clearly indicate the non-jury trial was held on November 1, 2001, the date of the originally scheduled arbitration hearing. Upon discovery of its "scrivener's" error, on March 13, 2002, the trial judge signed a Sua Sponte Corrective Order of Court vacating his October 30, 2001, order and entered a new order with the correct trial date of November 1, 2001. Copies of the corrective order were sent to both parties.

¶ 5 On November 13, 2001, Sandlin filed a Post–Trial Motion to Vacate the Default Verdict which the trial court denied. The trial court's order denying Sandlin's motion to vacate was dated November 26, 2001. Sandlin filed an appeal on December 20, 2001.

---

\* Retired Justice assigned to Superior Court.

**1.** Upon Sandlin's motion for consolidation, the Court directed the prothonotary to amend the appeal docket sheet to include lower court docket number AR–01–005427 on April 26, 2002.

¶ 6 Manack filed a Motion to Dismiss/Quash Appeal which this Court denied without prejudice to renew the motion at the time of argument or submission of the appeal and directed appellant to file a Praecipe for Entry of Judgment. Pursuant to this order, a praecipe was filed and a judgment against Sandlin was entered on June 20, 2002, in the amount of $7,430.00.

### B. *AR–01–005427*

¶ 7 The second issue in Sandlin's appeal involves a companion case for waste/breach of contract that has been the cause of some confusion throughout the course of this litigation. AR–01–005427 also began at the district justice level where a judgment was entered against Sandlin for damages to the rental property leased by Sandlin from Manack. Manack filed his complaint, and an arbitration hearing was scheduled for January 4, 2002. Sandlin failed to file an answer, and Manack filed the Certification of Mailing of Ten (10) Day Notice pursuant to Pa.R.C.P. 237.1. A Default Judgment in the amount of $12,905.78 was entered against Sandlin on November 2, 2001. Sandlin filed a post-trial Motion to Vacate the Default Judgment on November 16, 2001. With the exception of the docket number, this motion was identical to the motion Sandlin filed three days previously in AR–01–003888.

¶ 8 The Allegheny County trial court entered an order on November 26, 2001, denying Sandlin's motions to vacate in both AR–01–005427 and AR–01–003888. Sandlin filed a Notice of Intent to Appeal relative to both AR–01–005427 and AR–01–003888 on December 20, 2001. On March 13, 2002, the trial judge decided that he had erred in entering the November 26, 2001, order denying Sandlin's motion to vacate AR–01–005427. According-

ly, the trial judge signed a *sua sponte* order vacating the order of November 26.

¶ 9 Sandlin raises the following issues on appeal:

1. Whether The Trial Judge Abused His Discretion By Entering A Judgment Against Appellant Two Days Before The Arbitration Hearing And Later Compounding The Error By Changing The Order Without Giving Appellant An Opportunity To Challenge What Truly Occurred In The Lower Court?

2. Whether It Was Error To Enter A Default Judgment Against The Appellant By The Allegheny County Prothonotary's Office For Case Number AR–01–005427 When The Appellant Never Received A Copy Of The Complaint Or The Ten Day Important Notice?

Brief for Appellant, at 5.

## II. DISCUSSION

¶ 10 As to the first issue, Sandlin argues that the trial judge abused his discretion by entering an order against Sandlin following a non-jury trial at which Sandlin was not present. Sandlin claims that his failure to appear resulted because the lower court conducted the trial two days in advance of the scheduled date. Appellant's Brief at 11. A careful review of the record indicates that Sandlin's argument is based upon a misstatement of the facts.

¶ 11 This Court's scope of review for cases tried without a jury "is limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law." *Anderson v. Litke Family Ltd. Partnership*, 748 A.2d 737, 738–739 (Pa.Super.2000). When this Court reviews the findings of the trial judge, the evidence is

viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. *Id.* (citations omitted).

¶ 12 The contents of the written hearing notice attached to Manack's complaint are prescribed by Allegheny County Local Rule of Civil Procedure 1303, pursuant to Pa.R.C.P. 1303. Pa.R.C.P.1303 sets forth the procedures to be utilized by the local courts in providing notice to parties regarding arbitration hearings. Rule 1303 states:

(a)(1) The procedure for fixing the date, time and place of hearing before a board of arbitrators shall be prescribed by local rule, provided that not less than thirty days' notice in writing shall be given to the parties and their attorneys of record.

(2) The local rule may provide that the written notice required by subdivision (a)(1) include the following statement:

"This matter will be heard by a board of arbitrators at the time, date and place specified, but **if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.** There is no right to a trial *de novo* on appeal from a decision entered by a judge."

(b) When the board is convened for hearing, if one or more parties is not ready the case shall proceed and the arbitrators shall make an award unless the court

(1) orders a continuance, or

(2) hears the matter if the notice of hearing contains the statement required by subdivision (a)(2) and all parties present consent.

Pa.R.C.P. 1303 (emphasis added).

¶ 13 In this case, Sandlin does not dispute the fact that he was served with a complaint with the required notice attached. Nor does he dispute that he filed a Notice of Intent to Appear at the November 1 arbitration hearing. Sandlin does not even dispute the verdict itself. His only challenge to the non-jury verdict stems from his assertion that the trial took place on October 30, 2001, rather than the scheduled date of November 1, 2001. We find this assertion, at best, disingenuous. Both the trial transcript and the Arbitration Disposition List indicate that November 1, 2001, the scheduled date of the arbitration hearing was, in fact, the day on which the non-jury trial took place.

■ ¶ 14 The law is clear that a court may modify or rescind any order within thirty days after its entry, if no appeal has been taken. 42 Pa.C.S.A. § 5505. Once a notice of appeal is filed, the trial court cannot take further action in the matter. Pa.R.A.P. 1701(a). However, this rule must be read in conjunction with the inherent power of the courts "to amend its records, to correct mistakes of the clerk or other officer of the court, inadvertencies of counsel, or supply defects or omissions in the record, even after the lapse of the term." *Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339, 341 (1970). This power is reflected in Rule 1701(b)(1) of the Rules of Appellate Procedure. Pa.R.A.P. 1701(b)(1).

¶ 15 In *Cole*, the Pennsylvania Supreme Court found that the trial court had inherent authority to correct an erroneous order two and one-half months after the 30 day statutory period allowing amendment

of orders had lapsed. The court reasoned that, "[t]he 1959 statute was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees." *Id.*[2]

■ ¶ 16 Even the filing of an appeal does not divest the trial court of its inherent power to correct obvious and patent mistakes in its orders. *Commonwealth v. Klein,* 566 Pa. 396, 781 A.2d 1133 (2001). *Klein* found the trial court was acting within its authority where after a notice of appeal was filed, it modified the defendant's sentence to correct an error regarding time already served in prison. Following the reasoning of *Cole* and its progeny, the court stated, "even where the court would normally be divested of jurisdiction, a court may have the power to correct patent and obvious mistakes." *Id.* at 1135.

¶ 17 We find that it was within the inherent power of the trial court to enter a corrective order, which accurately reflected the date of the non-jury trial and verdict. The fact that the correction was made more than thirty days after entry of the original order and after the filing of a notice of appeal is inapposite.

■ ¶ 18 When Sandlin failed to appear at the arbitration, the trial court was acting within its authority when it heard the case and entered a verdict against Sandlin. *See* Pa.R.C.P. 1303, Explanatory Comment. Under the 1988 amendments to Rule 1303, if the defendant is not ready in a case scheduled to go before an arbitration board, the trial judge may hear the matter, as long as the notice of hearing contains the statement found in part (a), subpart (2) of Rule 1303. Pa.R.C.P.

1303(b)(2). Sandlin does not contest that he received the required notice in this case. The rule further requires that if the trial court does hear the case, it should be heard on the same date as the scheduled arbitration. *Id.* The record indicates this requirement was also met.

■ ¶ 19 When, pursuant to Rule 1303, a case is transferred from the arbitration board to a judge for hearing, the case is transferred from the arbitration list to the trial court, and Pa.R.C.P. 218 applies. *Jamison v. Johnson,* 762 A.2d 1094 (Pa.Super.2000), *reargument denied* (Dec. 21, 2000), *appeal denied,* 566 Pa. 644, 781 A.2d 145 (Pa.2001).

■ ¶ 20 Pa.R.C.P. 218 provides in relevant part:

(b) "If without satisfactory excuse the **defendant** is not ready, the plaintiff may

(1) proceed to trial,

. . . .

(c) A party who fails to appear for trial shall be deemed not ready without satisfactory excuse.

*Id.* "The law is clear that a satisfactory excuse must be an excuse that would constitute a valid ground for a continuance." *Jamison,* 762 A.2d at 1097, citing *Goodrich Amram 2d,* § 218:3. "Examples of valid grounds are an 'agreement of counsel; illness of counsel, a party, or a material witness; inability to maintain the testimony of an absent witness by means of discovery; or such other grounds as may be allowed by the court.'" *Id.*

¶ 21 In our case, the trial took place on the scheduled arbitration date. Sandlin was aware of the date and failed to appear.

---

**2.** The Act of June 1, 1959 (P.L. 342, § 1, 12 P.S. § 1032) provided that the courts had authority to modify their orders for 30 days after the entry of the order on the record. 42 Pa.C.S.A. § 5505 is substantially a reenactment of 12 P.S. § 1032. *See* 42 Pa.C.S.A. § 5505, Official Source Note.

Sandlin's argument that the trial took place prior to the scheduled arbitration date proved meritless. He provided no excuse for his failed appearance.

¶ 22 Before beginning our discussion of Appellant's second issue, we find it necessary to address the procedural problems relative to the trial court's second corrective order dated March 15, 2002. In contrast to its first order of March 15, 2002, correcting the date of its verdict following the non-jury trial, the trial court's second order vacating its order denying Sandlin's Post–Trial Motion to Vacate Default Verdict in AR–01–005427, does not constitute a corrective order within the inherent powers of the court. The trial court appears to have been confused as to what motions were filed in which case when it stated that, "No matter involving AR–01–005427 has ever been before this court." Opinion, 3/13/02, at 3. A careful review of the record reveals that a default judgment in AR–01–005427 was entered by the court on November 2, 2001. A motion to vacate that judgment was filed by Sandlin on November 16, 2001, and denied by the court on November 26, 2001. A major substantive change, such as the total withdrawal of an order relative to a motion of record does not constitute a corrective order within the inherent powers of the trial court or the court's statutory authority. 42 Pa.C.S.A. § 5505; Pa. R.A.P. 1701(b); See Pa.R.A.P. 1701(b)(1), Note ("Subdivision (b)(1) sets forth an obvious power of the lower court or agency under these rules, but is not intended to permit fundamental corrections in the rec-

ord") (citation omitted). We find, therefore, that the trial court's second corrective order dated March 13, 2002, vacating its November 26, 2001, order denying the motion to vacate the default judgment was null and void. It was entered beyond the thirty-day statutory limit for modification of previously entered orders and after the filing of the notice of appeal. 42 Pa.C.S.A. § 5505; Pa.R.A.P. 1701(a). The case with respect to AR–01–005427, therefore, remains in the same procedural posture in which it was after the November 26, 2001, order denying the motion to vacate the default judgment. It is that order which we now review.

¶ 23 Sandlin argues the trial court erred when it entered a default judgment against him in case AR–01–005427 because he never received a copy of the complaint or the ten-day notice required pursuant to Pa.R.C.P. 237.1 [3] However, Sandlin failed to raise any objections regarding improper service in the lower court. Rule 302 of the Pennsylvania Rules of Appellate Procedure states: "Issues not raised in the lower courts are waived and cannot be raised on appeal." Pa.R.A.P. 302(a). The failure to raise the question of in personam jurisdiction constitutes waiver of that defense. *Wagner v. Wagner*, 564 Pa. 448, 768 A.2d 1112 (2001); *Yentzer v. Taylor Wine Company, Inc.*, 409 Pa. 338, 186 A.2d 396 (1962); *Dorsch v. Jenkins*, 243 Pa.Super. 300, 365 A.2d 861, 865 (1976). Sandlin's first appearance before the trial court in AR–01–005427 occurred following the entry of de-

---

**3.** Pa R.C.P. 237.1(a)(2) states in part:
No judgment on non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry included a certification that a written notice of intention to file the praecipe was mailed or delivered

. . . .
(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney or record, if any. *Id.*

fault judgment against him when he filed a Motion to Vacate Default Judgment. The motion contains no objections regarding improper service. Motion to Vacate Default Judgment, 11/16/01. This Court has long held that questions of personal jurisdiction must be raised at the first reasonable opportunity or they are lost. *Kubik v. Route 252, Inc.,* 762 A.2d 1119, 1122 (Pa.Super.2000).[4] The fact that Sandlin is a *pro se* defendant does not change the requirements regarding appellate procedure. *Commonwealth v. Greenwalt,* 796 A.2d 996 (Pa.Super.2002). Sandlin's failure to raise any objections regarding improper service in the lower court by preliminary objections or in his Motion to Vacate the Default Judgment constitutes waiver, and he may not· now raise the issue on appeal.[5]

¶ 24 Accordingly, for the reasons stated herein, we affirm the judgment entered at AR–01–03888 and at AR–01–005427.

---

**4.** If Sandlin had not willfully submitted himself to the Court's jurisdiction by filing his Motion to Vacate Default Judgment, there would have been no waiver of personal jurisdiction. *See DeCoatsworth v. Jones,* 536 Pa. 414, 639 A.2d 792 (1994) ("a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties in the same court or may be collaterally attacked at any time.") *But see Cathcart v. Keene Indus. Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984), *allocatur denied,* 527 Pa. 596, 589 A.2d 687 (1990) (party may waive objections to personal jurisdiction by taking some action going to the merits of the case showing interest to forego objection to defective service).

**5.** Our examination of the record indicates that even had Sandlin's objection to service not been waived, the claim was without merit.