J-A24012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: STATE RESOURCES CORP. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SPIRIT AND TRUTH WORSHIP AND TRAINING CHURCH, INC. | |
| Appellant | No. 2992 EDA 2013 |

Appeal from the Order September 18, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 002767

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 24, 2014**

Appellant, Spirit and Truth Worship and Training Church, Inc., appeals from the order entered in the Philadelphia County Court of Common Pleas, denying Appellant's "motion" to set aside sheriff's sale.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On August 27, 2012, State Resources Corp. ("Appellee") filed a complaint in mortgage foreclosure against Appellant.  Appellant did not respond to the

_____

[1] Although Appellant styled its filing as a "motion" to set aside sheriff's sale, our rules of civil procedure mandate the filing of a "petition" under such circumstances.  **See** Pa.R.C.P. 3132 (stating, "Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances").

_____

*Retired Senior Judge assigned to the Superior Court.

complaint. On October 22, 2012, Appellee filed a *praecipe* for entry of default judgment in the amount of $132,565.48. That same day, the court entered judgment against Appellant. Appellee filed a *praecipe* for a writ of execution on December 3, 2012. On March 5, 2013, Appellee purchased the property at a sheriff's sale for $8,600.00. Appellee was the only bidder for the property.

Prior to the delivery and recording of the deed, Appellant filed a "motion" to set aside sheriff's sale on March 20, 2013. In it, Appellant argued Appellee's winning bid was far less than the amount owed on the mortgage and/or the fair market value of the property.[2] Appellant concluded the court should set aside the sheriff's sale on this basis. Appellee filed a response in opposition on April 24, 2013. On June 4, 2013, the court denied Appellant's "motion" to set aside sheriff's sale.

Appellant filed a motion for reconsideration on June 14, 2013. In it, Appellant complained the court had denied relief "without providing [Appellant] an opportunity to present a revised property appraisal and additional evidence…proving the Premises' fair market value as compared to the…purchase price." (Motion for Reconsideration, filed 6/14/13, at 2). On

---

[2] Regarding the fair market value, Appellant claimed: "The most recent formal appraisal of the Premises, completed in May 2004, set the current approximate fair market value of the property within a range of $325,000.00 to $750,000.00." (Motion to Set Aside Sheriff's Sale, filed 3/20/13, at 2). Appellant attached a summary of the appraisal as an exhibit to the filing.

June 19, 2013, the court granted Appellant's motion for reconsideration and issued a stay on all proceedings. The court conducted a hearing on September 18, 2013.[3] Immediately following the hearing, the court again denied Appellant's "motion" to set aside sheriff's sale.

Appellant timely filed a notice of appeal on October 15, 2013. On October 16, 2013, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on November 5, 2013.

Appellant now raises three issues for our review:

> DID THE TRIAL COURT ERR AS A MATTER OF LAW WHEN IT FAILED TO SET ASIDE THE SHERIFF'S SALE, ALTHOUGH APPELLEE'S PURCHASE [PRICE FOR] THE PROPERTY WAS GROSSLY INADEQUATE PURSUANT TO THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA?
>
> DID THE TRIAL COURT ERR AS A MATTER OF LAW WHEN IT FAILED TO SET ASIDE THE SHERIFF'S SALE WHERE THE EVIDENCE ESTABLISHED THAT THE SHERIFF'S SALE WAS NOT EXECUTED PROPERLY AND APPELLANT DID NOT HAVE AN OPPORTUNITY TO BID ON THE SUBJECT PROPERTY?
>
> DID THE TRIAL COURT ERR WHEN IT MADE A FACTUAL DETERMINATION THAT APPELLANT RECEIVED PROPER NOTICE OF THE PENDING SHERIFF SALE WHERE THE EVIDENCE OF RECORD DEMONSTRATED THAT APPELLANT WAS NEVER SERVED WITH THE FORECLOSURE COMPLAINT, WAS NEVER NOTIFIED THAT A DEFAULT

---

[3] The certified record does not include a transcript from the September 18, 2013 hearing. Nevertheless, the record contains a copy of a June 2013 appraisal report, which Appellant presented at the hearing. The June 2013 appraisal report estimated the fair market value of the property was $647,000.00.

> JUDGMENT WAS ENTERED AGAINST IT IN THE FORECLOSURE ACTION AND DID NOT RECEIVE NOTICE OF THE PENDING SHERIFF SALE OF THE SUBJECT PROPERTY PRIOR TO THE SALE?

(Appellant's Brief at 4).[4]

"The purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor." **GMAC Mortg. Corp. of PA v. Buchanan**, 929 A.2d 1164, 1167 (Pa.Super. 2007) (quoting **Kaib v. Smith**, 684 A.2d 630, 632 (Pa.Super. 1996)).

> A petition to set aside a sheriff's sale is grounded in equitable principles and is addressed to the sound discretion of the hearing court. The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner…. When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

**Buchanan, supra** at 1167 (internal citations omitted).

In its first issue, Appellant relies on **Bank of America, N.A. v. Estate of Hood**, 47 A.3d 1208, 1212 (Pa.Super. 2012), *appeal denied*, 619 Pa. 670, 60 A.3d 534 (2012), for the proposition that a sheriff's sale price is "grossly inadequate where [the] sale price was a small percentage—roughly

---

[4] Appellant's statement of questions involved raises additional issues, which do not correspond to the argument section of its brief. Specifically, the argument section is divided into two parts, which overlap with the issues included in the statement of questions involved. Consequently, we address the issues set forth in the argument section of the brief.

ten percent or less—of the established market value." (Appellant's Brief at 10). Appellant insists the $8,600.00 purchase price of the property was far less than ten percent of the amount Appellant owed on the mortgage and/or the fair market value of the property. Appellant concludes the court should have set aside the sheriff's sale. We disagree.

The following principles govern our examination of the adequacy of the price obtained for a property at a sheriff's sale:

> Where a sale is challenged based upon the adequacy of the price our courts have frequently said that mere inadequacy of price standing alone is not a sufficient basis for setting aside a sheriff's sale. However where a "gross inadequacy" in the price is established courts have found proper grounds exist to set aside a sheriff's sale. The courts have traditionally looked at each case on its own facts. **It is for this reason that the term "grossly inadequate price" has never been fixed by any court at any given amount or any percentage amount of the sale.** Further, it is presumed that the price received at a duly advertised public sale is the highest and best obtainable.

*Estate of Hood, supra* at 1211 (quoting *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 166-67 (Pa.Super. 2002), *appeal denied*, 573 Pa. 662, 820 A.2d 702 (2003)) (emphasis added).

Instantly, the trial court concluded:

> Here, Appellant twice has failed to rebut the presumption that the price paid at the sheriff's sale was the best obtainable. In its initial Motion to Set Aside the Sheriff's Sale, Appellant did not provide competent evidence of the current fair market value of the subject property. Appellant relied on an appraisal report from May 2004, which valued the subject property between $325,000.00 and $750,000.00, to allege that the current market value

- 5 -

was between $450,000.00 and $850,000.00 without explanation of how Appellant calculated the new figures.

When the court granted Appellant a second bite at the apple, Appellant offered an Appraisal Report dated June 19, 2013, that valued the subject property at $647,000.00. However, assuming *arguendo* that the June 19, 2013 Appraisal Report is accurate, it alone does not show that Appellee paid any amount less than the best obtainable price. Appellant did not properly raise or present evidence to establish that Appellant was not notified of the sale, that the sale was not duly advertised, or that there was misinformation or confusion about the terms of the sale. Appellee, the judgment creditor, was the only bidder on the subject property at a duly advertised and lawfully conducted sheriff's sale. Although there was no competitive bidding here, a factor upon which the **Hood** court relied, there were not any impediments to competitive bidding. Presumably, no one else bid on the subject property because no one else wanted it.

(**See** Trial Court Opinion, filed December 12, 2013, at 7-8) (internal citations omitted). We agree and emphasize that the record does not reveal any procedural irregularities in the sheriff's sale process. **See Estate of Hood, supra** (indicating procedural irregularities can hamper competitive bidding process and contribute to grossly inadequate sale price). Therefore, the court properly denied Appellant's motion to set aside sheriff's sale. **See Buchanan, supra**.

Next, despite the wording in its statement of questions involved, Appellant baldly asserts only that Appellee did not properly serve the complaint. Appellant, however, failed to raise this issue in the trial court. Therefore, the issue is waived. **See** Pa.R.A.P. 302(a) (stating, "Issues not raised in the [trial] court are waived and cannot be raised for the first time

on appeal"). ***See also Manack v. Sandlin***, 812 A.2d 676, 683 (Pa.Super. 2002), *appeal denied*, 572 Pa. 766, 819 A.2d 548 (2003) (holding appellant's failure to raise any objections in trial court regarding improper service constituted waiver of issue on appeal).[5] Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2014

---

[5] Moreover, the certified record contains an affidavit of service, indicating a process server served Appellant with the complaint, at the property, on September 7, 2012. The affidavit stated that the process server handed the complaint to Arande Freeman, an individual "who is authorized to accept service" on Appellant's behalf. (***See*** Affidavit of Service, filed 9/12/12, at 1.) Absent more, the certified record does not reveal a defect in service of the complaint. ***See*** Pa.R.C.P. 424(3) (explaining service of original process upon corporation shall be made by handing copy to, *inter alia*, agent authorized by corporation in writing to receive service of process for it).