J-A16001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HARRY J. LAFFERTY, MICHAEL D. KIRN, ROBERT T. KIRN, JOHN J. ROEDELL, JOHN M. FERRIS, ROBERT F. FERRIS, & FACOWEE ACRES, LLC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| THOMAS D. FERRIS | : : | No. 2024 MDA 2018 |
| Appellant | : | |

Appeal from the Order Entered November 28, 2018
In the Court of Common Pleas of Susquehanna County Civil Division at
No(s):  2008-1941 CP

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED: JULY 22, 2019**

Thomas D. Ferris (Ferris) appeals from the November 28, 2018 order entered in the Court of Common Pleas of Susquehanna County.  After careful review, we vacate.

In August 1998, Ferris and Appellees/Defendants created Facowee Acres, LLC (Facowee Acres), a limited liability company.  On October 4, 1998, Ferris and his brother, Robert Ferris (Robert) (collectively, Brothers), executed an agreement of sale for a 100-acre parcel of land in Susquehanna County (Property), with the intent that the land would be used as a hunting lodge for members of Facowee Acres.  Appellees and Ferris (collectively, Members) comprised the membership of Facowee Acres.  In December 1998, the Brothers executed a mortgage on the Property; the property was deeded to

_____

* Former Justice specially assigned to the Superior Court.

them as tenants-in-common. Each of the members of Facowee Acres orally agreed to pay, over time, the mortgage and other related costs for the Property. Upon payment in full by the Members, the Brothers would transfer the Property to the members, who would then transfer the Property to Facowee Acres.

In 2004, Ferris purchased a 4.4-acre parcel adjacent to the Property (Adjacent Property) in his own name. The members of Facowee Acres agreed to reimburse Ferris the full purchase price of the Adjacent Property. Ferris subsequently transferred title to the Adjacent Property to himself and his brother, Robert. Over the years, Facowee Acres members used the Property and Adjacent Property for hunting. Improvements were also made on the Property. In October 2004, the deed to the Property and the deed to the Adjacent Property were consolidated into one deed.[1]

In 2007, Ferris told the Members that he wanted to sell back his interest in Facowee Acres. However, Ferris refused to convey the properties to the Members, in accordance with their prior oral agreement. Further, without the consent of the other members of Facowee Acres, the Brothers used the Property and the Adjacent Property as collateral for a $125,000 equity line of credit for their own benefit. Additionally, in August 2008, for an up-front

---

[1] Over time, payments made by the Members were deposited into a bank account owned by Robert. Expenses for the properties, including real estate taxes and maintenance expenses, were paid from that account. All of the Members, excluding Ferris, paid their respective shares of the mortgage and related expenses. *Lafferty v. Ferris*, Nos. 1131 & 1619 MDA 2016 (Pa. Super. filed Sept. 21, 2017), at 3.

payment of $28,500, the Brothers executed a natural gas lease with Chesapeake Appalachia, LLC (Chesapeake) for the Property and Adjacent Property.

On December 23, 2008, Appellees initiated the instant action in equity against Ferris seeking reformation of the deed to include their names; the complaint also included counts for unjust enrichment, promissory estoppel, and breach of contract. The complaint alleged that "[t]he members of Facowee Acres, including but not limited to, defendant Thomas D. Ferris, intended and agreed that subsequent to the purchase of the Property, the Deed to Robert F. Ferris and Thomas D. Ferris would be reformed to reflect the names of all of the members of Facowee Acres as owners of the Property." Complaint, 12/23/08, at ¶ 21. Ferris filed an answer and counterclaim averring that he is not a member of Facowee Acres, denying any oral agreements existed in relation to reforming the deed to reflect Facowee Acres as the true owner of the properties, and seeking "a fair and equitable partition of the [Property and the Adjacent Property]." Ferris Counterclaim, 4/3/09, at 8.

Following a non-jury trial, the court entered an order determining that an enforceable oral agreement existed between Ferris and Appellees. Accordingly, on January 11, 2016, the court entered an order dismissing Ferris's counterclaim and directing the Brothers execute a special warranty deed conveying title to the Property and the Adjacent Property to Appellees and Ferris, in their respective proportionate shares. Ferris was also ordered

to pay any unpaid principal and interest in connection with the mortgage within 30 days of the order, and the county prothonotary was directed to "release all monies, principal and accumulated interest escrowed pursuant to Court Order relating to this matter to Facowee Acres, LLC, Robert F. Ferris and Thomas D. Ferris within (30) days of this Order." Order, 1/11/16, at ¶ 3.[2] Finally, the order designated the respective interests of the parties with regard to the special warranty deed and the oil and gas lease as follows: Lafferty (1/9[th]); M. Kim (1/9[th]); Roedell (1/9[th]); John J. Ferris (1/9[th]); Ferris (1/9[th]); R. Kim (1/9[th]); and Robert F. Ferris (3/9[th]).

On January 20, 2016, Ferris filed a post-trial motion for a new trial, raising 40 claims of trial court error. On May 31, 2016, Appellees filed a praecipe to enter judgment. *See* Pa.R.C.P. 227.4(b).[3] On June 27, 2016, the trial court entered an order denying Ferris's post-trial motions. On July 13,

_____

[2] The January 11, 2016 order also ordered the Brothers to "assign all their stated interest in an oil and gas lease regarding the subject properties, leased to Chesapeake Appalachia, L.L.C.[,] its successors and assigns, to the grantees of the special warranty deed called for in paragraph 1 of this order in their respective shares." Order, 1/11/16, at ¶ 4.

[3] Unlike the Rules of Criminal Procedure which require a court to act within 120 days of the filing of the post-trial motion or it will be deemed denied by operation of law, *see* Pa.R.Crim.P. 720(B)(3), the rules of civil procedure do not provide a similar automatic mechanism. Rather, a party is required to praecipe for entry of judgment to move the case forward where the court has not decided the motion within 120 days after its filing.

2016, Ferris filed a notice of appeal[4] from the June 27, 2016 order.[5]  On August 18, 2016, while Ferris's appeal was pending, Appellees filed a motion to enforce the trial court's January 11, 2016 order.  In the motion, Appellees alleged that "[g]iven the [c]ourt's decision recognizing the respective interest of the Plaintiffs and the Defendant in the subject real estate . . ., distribution of the monies, principal and accumulated interest escrowed to only Facowee Acres, LLC, Robert F. Ferris and Thomas D. Ferris would be inconsistent with the Order which recognizes the interests of Plaintiffs and Defendant[.]"  Plaintiffs' Motion to Enforce, 8/18/16, at ¶ 19.  On August 23, 2016, the trial court entered an order granting Appellees' motion to enforce.

On September 9, 2016, the court held a hearing on Appellees' motion to enforce the judgment.  At the hearing, Appellees' counsel again argued that the court's January 11, 2016 order incorrectly directed that the monies be distributed to three entities/people, rather than the full seven Facowee Acres members.  N.T. Motion to Enforce Hearing, 9/9/16, at 14.  On September 16, 2016, the court entered an order again granting Appellees' motion to enforce, but also modifying its January 11, 2016 order by requiring a general warranty

_____

[4] *Lafferty v. Ferris*, 1131 MDA 2016 (Pa. Super. filed July 13, 2016).

[5] Appellees prematurely filed a notice of appeal on May 3, 2016, prior to the disposition of Ferris's post-trial motions.  Our Court quashed that appeal.  *See Lafferty v. Ferris*, No. 712 MDA 2016 (Pa. Super. filed June 14, 2016).

deed be executed to transfer title of the property and adjacent property to Facowee Acres. Ferris filed a notice of appeal[6] from the August 23, 2016 and September 16, 2016 orders. Our Court consolidated Ferris's two separate appeals for ease of disposition. *See Lafferty v. Ferris*, Nos. 1131 & 1619 MDA 2016 (Pa. Super. filed Sept. 21, 2017) (unpublished memorandum).

On September 21, 2017, our Court concluded that the trial court lacked jurisdiction to enter the August 23, 2016 and September 16, 2016 orders where the trial court did not expressly grant reconsideration within 30 days following its June 27, 2016 order denying Ferris's post-trial motion, and where Ferris had already filed a notice of appeal divesting the trial court of jurisdiction.[7] Accordingly, we determined that the orders were void and vacated them. *Id.* Appellees filed an unsuccessful motion for reargument in this Court and unsuccessful petition for allowance of appeal with the Supreme Court of Pennsylvania. *See Lafferty v. Ferris*, No. 878 MAL 2017 (Pa. filed May 15, 2018) (order denying petition for allowance of appeal).

Appellees again orally moved to modify the trial court's January 11, 2016 order. After considering the parties' briefs on the issue, on November 28, 2018, the court granted the motion to modify, amending the third paragraph of the January 11, 2016 order "to [now] direct that the

_____

[6] *Lafferty v. Ferris*, No. 1619 MDA 2016 (Pa. Super. filed Sept. 30, 2016).

[7] Appellees filed a motion for reconsideration on August 18, 2016, titling it a "Motion to Enforce." Again, this motion was over five months late and filed while an appeal was pending. Accordingly, it does not cure the trial court's lack of jurisdiction to modify the January 11, 2016 order.

- 6 -

Susquehanna County Prothonotary release all natural gas royalty monies, principal and interest, escrowed pursuant to court order to the parties according to their respective interests as set forth in paragraph 7 of the [court's] January 7, 2016 order." Trial Court Order, 11/28/18, at ¶ 2. On December 17, 2018, Ferris filed a motion to reconsider that was denied two days later. Ferris filed timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Ferris raises the following issues for our consideration:

(1) Did the trial court commit reversible error[] by granting a modification of its order entered January 11, 2016[,] when the trial court had already granted in substance the same exact modification by orders of court entered on August 23, 2016 and September 16, 2016[,] and when the Superior Court of Pennsylvania vacated the trial court's orders of August 23, 2016[,] and September 16, 2016[,] after the Superior Court determined that the trial court did not have jurisdiction to make the subject modification?

(2) Did the trial court commit reversible error[] by granting a modification of its order entered on January 11, 2016[,] after [the] judgment [became] final and when no timely motion for post-trial relief or for reconsideration was filed seeking modification as ordered by the trial court in its order entered on November 28, 2018, and there were no circumstances present in this case that would amount to sufficient cause to trigger application of the exceptional circumstances/extraordinary cause doctrine?

(3) Did the trial court commit reversible error[] by granting a modification of its order entered on January 11, 2016[,] when the trial court had already granted in substance the same exact modification by orders of court entered on August 23, 2016 and September 16, 2016[,] and when the propriety of the trial court's attempted modification was extensively litigated at the trial court level, before the Superior Court of Pennsylvania[] and the Supreme Court of

> Pennsylvania, and the modification was determined to be improper by both appellate courts?

Appellant's Brief, at 3-4.

In his brief, Ferris claims that the trial court improperly modified its January 11, 2016 order where the court lacked jurisdiction to alter the order, as no timely post-trial motion or motion for reconsideration was filed and granted. We agree.

Throughout the course of post-trial proceedings, Appellees have repeatedly asserted that the trial court's January 11, 2016 order erroneously directed that the payment of escrowed natural gas royalty monies be divided evenly among Facowee Acres, LLC, Robert Ferris and Thomas Ferris[8] rather than to all members, consistent with their specific interest in the proceeds. In an attempt to address this concern, the trial court modified its original January 11, 2016 order on August 23, 2016, September 16, 2016, and again on November 28, 2018.

It is well-established that a court may modify or rescind any order within 30 days after its entry, if no appeal has been taken. *See* Pa.R.A.P. 1701; 42 Pa.C.S. § 5505. However, a trial court may not ordinarily modify an order beyond the thirtieth day after its entry, except as otherwise provided by law.

_____

[8] In the original January 2016 order, paragraph 3 reads:

> 3. The Susquehanna Prothonotary release all monies, principal and accumulated interest escrowed pursuant to Court Order relating to this matter to Facowee Acres, LLC, Robert F. Ferris and Thomas D. Ferris within (30) days of this Order.

Trial Court Order, 1/7/16.

Pursuant to Pa.R.A.P. 1701:

(a)  General rule.  Except as otherwise prescribed by these rules, **after an appeal is taken** or review of a quasijudicial order is sought, **the trial court** or other government unit **may no longer proceed further in the matter.**

(b)  Authority of a trial court or agency after appeal.  **After an appeal is taken** or review of a quasijudicial order is sought, **the trial court** or other government unit **may:**

(1)  Take such action as may be necessary to preserve the status quo, **correct formal errors in papers relating to the matter**, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2)  Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3)  **Grant reconsideration of the order which is the subject of the appeal** or petition, **if:**

(i)  **an application for reconsideration of the order is filed in the trial court** or other government unit **within the time provided or prescribed by law; and**

(ii)  **an order expressly granting reconsideration of such prior order is filed in the trial court** or other government unit **within the time prescribed by these rules for the filing of a notice of appeal** or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701 (emphasis added).

Courts have interpreted the above-bolded language of Rule 1701(b)(1) to include corrections that are technical, non-substantive amendments to an order that have no effect on the appeal or petition for review and cannot

- 9 -

prompt a new appealable issue. *Pennsylvania Industrial Energy Coalition v. Pennsylvania Public Utility Commission*, 653 A.2d 1336, 1344 (Pa. Cmwlth. 1995). *See Fish v. Gosnell*, 463 A.2d 1042, 1052 (Pa. Super. 1983) (court's molding of verdict on thirty-sixth day after entry of judgment to reflect pre-award interest under Pa.R.C.P. 238 was proper correction of formal error under Rule 1701; court's action did not require exercise of discretion, computation was clerical matter based on face of record, and no fact finding required); *see also Manack v. Sandlin*, 812 A.2d 676 (Pa. Super. 2002) (trial court had authority under Rule 1701 to change date of non-jury trial and verdict on order to reflect correct date after thirty days elapsed from entry of original order and where appeal had been filed). The Note to Rule 1701 further explains that subsection (b)(1) is intended to "set[] forth an obvious power of the lower court . . . under these rules to take actions to preserve the status quo and to clarify or correct an order or verdict. The power to clarify or correct does not extend to substantive modifications." Pa.R.A.P. 1701, Note to Subdivision (b)(1) (citing examples of permissible actions under Rule 1701(b)(1) as "non-substantive technical amendments to an order, changes in the form of a decree, and, modification of a verdict to add prejudgment interest").

Here, Appellees failed to challenge the subject language in the court's January 11, 2016 order in a timely motion to reconsider after filing their notice of appeal. Moreover, the requested modification is more than a mere

- 10 -

correction or clarification, but rather amounts to a substantive alteration. Thus, the trial court lacked jurisdiction to modify the order under Rule 1701.

In addition to Rule 1701, section 5505 of our Judicial Code also sets forth rules regarding modification of orders. Section 5505 states:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Despite the general prohibition to modify orders after the appeal period has expired, courts have permitted modification under section 5505 in the following circumstances: extrinsic fraud; lack of jurisdiction over subject matter; fatal defect apparent on face of record; or some other evidence of "extraordinary cause justifying intervention by the court." *ISN Bank v. Rajaratnam*, 83 A.3d 170, 172 (Pa. Super. 2013). Extraordinary cause has been defined as "an oversight or action on the part of the court or the judicial process which operates to deny the losing party knowledge of the entry of final judgment so that the commencement of the running of the appeal time is not known to the losing party." *Luckenbaugh v. Shearer*, 523 A.2d 399, 401 (Pa. Super. 1987).

There is nothing to support a finding of extrinsic fraud, lack of subject matter jurisdiction, or a fatal defect apparent on the face of the record in the instant case. Moreover, there is no extraordinary cause to justify the court's intervention. Thus, like our prior Superior Court panel concluded, the trial

court was without jurisdiction to modify its January 11, 2016 order. Accordingly, we find the November 28, 2018 order void and must vacate it.[9]

Order vacated. Jurisdiction relinquished.

Judgment Entered.

_[signature]_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2019

---

[9] The law of the case doctrine further supports our decision today. In **Commonwealth v. Starr**, 664 A.2d 1326 (Pa. 1995), our Supreme Court stated:

> Departure from either the law of the case doctrine or the coordinate jurisdiction rule is allowed only in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed.

**Id.** at 1332. Instantly, there was no intervening change in the law or any change in the facts or evidence in the case since our Court's decision in September 2017. Moreover, our Court's prior holding was not erroneous. **Id.** Thus, we are precluded from altering the determination of a prior panel of our appellate court.