J-A08008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PENN CLEANING SERVICES, INC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GAP PROPERTIES, LLC AND JOHN | : | |
| CAIRO | : | |
| | : | No. 1494 EDA 2020 |
| | : | |
| APPEAL OF: JOHN CAIRO | : | |

Appeal from the Order Dated July 6, 2020
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  No. CV-2018-001650

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                 **FILED SEPTEMBER 3, 2021**

This is an appeal from the July 6, 2020, order of the Court of Common Pleas of Delaware County denying John Cairo's petition to vacate judgment. Cairo attempts to collaterally attack a judgment entered following an arbitration award in favor of Penn Cleaning Services, Inc. ("Penn Cleaning") and against Cairo and GAP Properties, LLC (collectively, "Defendants"), in the amount of $34,626.70 by claiming the court lacked personal jurisdiction over him due to defective service of process. Based on the following, we affirm.

In March 2018, Penn Cleaning initiated this action for breach of contract, unjust enrichment, promissory estoppel against GAP Properties, LLC and Cairo

_____

[*] Former Justice specially assigned to the Superior Court.

(collectively, "Defendants"). In the complaint, Penn Cleaning asserted that it entered into an oral contract with Defendants, in which it would provide cleaning and janitorial services at a building complex referred to as the Falcon Center in Havertown, Pennsylvania. **See** Complaint in Civil Action, 3/1/2018, at 2. Penn Cleaning claimed Defendants failed to pay for services rendered. Relevant to this appeal, Penn Cleaning alleged that Cairo is a member of GAP Properties, owning an equitable membership interest in the limited liability company. **See** Complaint in Civil Action, 3/1/2018, at 2.[1]

Sheriffs attempted to serve Cairo a copy of the complaint at a Morrisville, Pennsylvania, address but were unsuccessful. Thereafter, Penn Cleaning accomplished service on August 14, 2018, by having the Sheriff's Department of Delaware County serve a copy of the complaint at a Newtown Square, Pennsylvania, address ("the Newtown Square home"). "The [c]omplaint was delivered to Kathleen Hoffman, Defendant Cairo's daughter, who was identified on the Sheriff's Return of Service as an adult family member with whom said Defendant resides." Trial Court Opinion, 9/17/2020, at 1 (internal quotation marks omitted).

---

[1] In his petition to vacate judgment, Cairo alleges he is a managing member of Azur Management Company, LLC ("Azur"), which was the manager of Falcon Center. **See** Defendant John Cairo's Petition to Vacate Judgment, 1/7/2019, at ¶ 3. He further averred that GAP Properties owns the Falcon Center, but neither he nor Azur are members of GAP Properties. **See id.**, at 5.

Cairo did not file any responsive pleadings, not even preliminary objections challenging the propriety of service upon him or the trial court's personal jurisdiction over him. ***See id.*** On November 2, 2018, a default judgment was entered in favor of Penn Cleaning and against Defendants with damages to be assessed at a compulsory arbitration hearing.

On November 26, 2018, following the hearing, an arbitration award was entered in favor of Penn Cleaning and against Defendants in the amount of $34,626.70. Cairo did not appeal the arbitration award and on December 31, 2018, Penn Cleaning filed a praecipe for entry of judgment. Pursuant to the praecipe, and in absence of an appeal, judgment was entered in favor of Penn Cleaning and against Defendants, jointly and severally, in the amount of the award.

It was not until after these events that Cairo first participated in the litigation by filing a petition to vacate the December 2018 judgment in January 2019. Penn Cleaning filed a response, but before the trial court could rule on the petition, Cairo filed a notice of appeal to this Court from the December 2018 judgment, which was docketed at No. 380 EDA 2019.

There, this Court issued a rule to show cause why Cairo's appeal should not be dismissed for failure to preserve any issues for appellate review. Cairo filed a response, alleging this Court had jurisdiction over the matter because he never received service of the complaint as required by the Pennsylvania Rules of Civil Procedure and, under legal precedent, the court lacked personal

jurisdiction over Cairo thereby rendering the judgment entered below void. **See** Appellant John Cairo's Response to Rule to Show Cause dated March 5, 2019, 3/14/2019, at 1.

On March 26, 2019, by *per curiam* order, this Court dismissed the appeal *sua sponte*, stating that pursuant to **Stivers Temp. Pers., Inc. v. Brown**, 789 A.2d 292, 295 (Pa. Super. 2001), a compulsory arbitration award may only be challenged by a timely appeal to a court of common pleas for a trial *de novo*. **See** Order, 3/26/2019; **see also** 42 Pa.C.S.A. § 7361(d) (compulsory arbitration). This Court determined that because Cairo failed to file a *de novo* appeal from the arbitration award, he did not preserve any issues regarding the award for this Court's review, including that of the asserted absence of *in personam* jurisdiction. **Id.** Cairo then filed an application for reconsideration, which this Court denied by *per curiam* order on May 1, 2019.

Cairo's petition to vacate judgment was still pending in the trial court. The court held a hearing regarding the matter on June 23, 2020. The trial court subsequently denied his petition on July 6, 2020. Cairo's timely appeal followed, which was docketed at No. 1494 EDA 2020.

This Court issued another rule to show cause why Cairo's appeal should not be dismissed but this time on the basis that the law of the case doctrine applied and because Cairo failed to preserve any issues for review. Cairo filed a response, claiming the present appeal does not involve a challenge to the

arbitration award but rather, involves a challenge to the jurisdiction of the trial court to enter a judgment against him because it did not have personal jurisdiction over him. **See** Appellant John Cairo's Response to Rule to Show Cause dated September 14, 2020, 9/22/2020, at 1. This Court discharged the rule to show cause and referred the matter to the present panel.

Based on the nature of Cairo's claims, we will address his first two issues together, and then his remaining two arguments jointly. The crux of Cairo's appeal is the contention that the trial court's denial of his petition to vacate judgment should be reversed because he never resided at the Newtown Square home, and therefore, he was not served original process in accordance with Pa.R.C.P. 402(a)(2)(i) (process may be served by handing a copy of the complaint at the residence of the defendant to an adult member of the family with whom he resides or an adult person in charge of such residence). **See** Appellant's Brief, at 15.

Cairo continues that because service was defective, the court did not obtain personal jurisdiction over him and had no power to enter any judgment against him. **See id.** Cairo concedes he had actual knowledge of the proceedings. **See id.**, at 17.[2] However, he argues his actual knowledge is irrelevant to the issue of whether service upon him was effective. **See id.**, at

---

[2] We observe that Cairo did not allege a lack of actual notice in his petition to vacate judgment. Under the circumstances of this case, the trial court was entitled to infer that Cairo received actual knowledge of the proceedings when his daughter was served.

- 5 -

17. He asserts that as a consequence, the judgment against him was a nullity, and the court should have vacated the judgment and directed Penn Cleaning to effectuate proper service of process. ***See id.***, at 18.

Next, Cairo contends the court incorrectly determined that he waived the issue of service because it misconstrued Pennsylvania law by concluding that his sole remedy to challenge improper service was to file preliminary objections to Penn Cleaning's complaint. ***See id.***, at 19. Rather, he states he raised the issue at the first reasonable opportunity which was his petition to vacate the default judgment. ***See id.***, at 19-20. Cairo argues he followed the procedure set forth in ***Manack v. Sandlin***, 812 A.2d 676 (Pa. Super. 2002), "as the appropriate manner in which to challenge a judgment entered without personal jurisdiction due to improper service of process." Appellant's Brief, at 21. Furthermore, he states the court incorrectly concluded that his failure to raise the issue of improper service prior to the entry of judgment on the arbitration award divested the court of jurisdiction to consider the petition to vacate because he claims that a "court that lacks jurisdiction cannot enter a valid judgment regardless of the amount of time that has passed since the entry of judgment." ***Id.***

"Personal jurisdiction is a court's power to bring a person into its adjudicative process." ***Grimm v. Grimm***, 149 A.3d 77, 83 (Pa. Super. 2016) (citation and internal punctuation omitted). Importantly, unlike subject matter jurisdiction, "personal jurisdiction is readily waivable." ***See id***.

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her." *Fonzone v. Tribune Corp.*, 52 A.3d 375, 376 (Pa. Super. 2012) (citation omitted).

> Generally, courts acquire personal jurisdiction by service of process that satisfies Pa.R.C.P. 402. Rule 402(a) provides several ways original process may be served, one of which includes handing a copy at defendant's residence to an adult member of the family with whom he or she resides. Pa.R.C.P. 402(a)(2)(i). Pa.R.C.P. 405(b) requires that the process server file a return of service setting forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made. Pa.R.C.P. 405(b).

*Sharpe v. McQuiller*, 206 A.3d 1179, 1184 (Pa. Super. 2019). "The burden is on the party contesting service to prove that it was not [his] residence[.]" *Id.*, at 1186 (citation omitted).

Lastly, it is well settled that issues concerning "[d]efects in service of process **must** be raised in preliminary objections." *Cinque v. Asare*, 585 A.2d 490, 492 (Pa. Super. 1990) (emphasis added). *See also Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 255 (Pa. 1965); Pa.R.C.P. 1028(a)(1). "A party who fails to object to service of process in preliminary objections waives that claim." *Silver v. Thompson*, 26 A.3d 514, 517 n.6 (Pa. Super. 2011). *See also* Pa.R.C.P. 1032(a).

Here, the trial court found the following:

This is not a case where the record shows an absence of service against Defendant Cairo. Instead, the record shows service upon Defendant Cairo on August 14, 2018 at 440 Wooded Way, Newtown Square, Pennsylvania, 19073. If that service of process was improper, then Defendant Cairo's remedy was to file Preliminary Objections to the Complaint, challenging the service and asking the Court to strike the same. The law is crystal clear on that point. Instead, Defendant Cairo stood silent and had a Default Judgment entered against him.

Trial Court Opinion, 9/17/2020, at 2-3 (citations omitted). The trial court also opined that Cairo "repeatedly ignore[d] the issue of waiver because he has no valid, legal explanation for his failure to lodge preliminary objections in this case, which resulted in a waiver of the personal jurisdiction argument." *Id.*, at 4.

We agree with the court's rationale. In compliance with Rule 402(a), the sheriff in the present matter indicated original process was completed when the sheriff handed a copy of the complaint at Cairo's residence to his daughter and checked off the box indicating she was an adult member of the family with whom Cairo resides. *See* Sheriff Service Process Receipt and Affidavit of Return, 5/17/2018, at 1.

The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect.

*Hollinger v. Hollinger*, 206 A.2d 1, 3 (Pa. 1965).

Contrary to his circular argument, Cairo is contesting effective service, and it is his burden to prove the Newtown Square home was not his residence.

*See Sharpe*, 206 A.3d at 1186. Since he did not allege in his petition that he did not receive actual notice of the proceedings when his daughter was served, the court was permitted to infer he had actual notice shortly after the sheriff served her. Therefore, the proper legal avenue to make such a challenge was by raising the assertion in preliminary objections. *See Cinque*, 585 A.2d at 492. His failure to do so constituted waiver of the issue. *See Silver*, 26 A.3d at 517 n.6.

Moreover, Cairo's reliance on *Manack* is misplaced. There, the defendant argued the court erred when it entered default judgment against him because he never received a copy of the complaint or the ten-day notice required pursuant to Pa.R.C.P. 237.1. *See Manack*, 812 A.2d at 682. The defendant made his first appearance in matter following the entry of default judgment when he filed a motion to vacate the default judgment, but the motion did not contain objections regarding improper service. *See id.*, at 682-683. In concluding the defendant waived the issue, the *Manack* Court stated, "This Court has long held that questions of personal jurisdiction must be raised at the first reasonable opportunity or they are lost." *Id.* at 683. The Court continued that the defendant's "failure to raise any objections regarding improper service in the lower court by preliminary objections or in his Motion to Vacate the Default Judgment constitutes waiver, and he may not now raise the issue on appeal." *Id.* (footnote omitted).

Cairo cites to *Manack* for the proposition that he could raise the issue for the first time in his petition to vacate judgment. However, he misconstrues *Manack*. After observing that the petitioner's first appearance in the trial court was after the entry of default judgment, the *Manack* Court correctly set forth the preservation requirement: "questions of personal jurisdiction must be raised at the first reasonable opportunity or they are lost." *See id.*, at 683. And the Court held that the petitioner's "failure to raise any objections regarding improper service in the lower court by preliminary objections or in his Motion to Vacate the Default Judgment constitutes waiver[.]" *See id*.

Accordingly, *Manack* does not stand for the proposition that an objection to improper service can be raised for the first time in a petition to vacate judgment. Rather, it recognizes that sometimes, the "first reasonable opportunity" may be the petition to vacate judgment. However, that is not the case here. As noted above, Cairo concedes that he had actual knowledge of the proceedings at issue prior to the arbitration hearing.

This leads us to Cairo's remaining claims. He alleges the court erred in denying his petition to vacate based upon the decisions entered in the prior appeal because that appeal did not involve the petition to vacate. *See* Appellant's Brief, at 22. He states the prior appeal and the present appeal "involve different orders, a different procedural posture of the case, facts elicited at a hearing conducted after the conclusion of the Prior Appeal, and entirely different issues." *Id.* Moreover, he argues the petition to vacate does

not raise a challenge to the compulsory arbitration award but rather, is a challenge concerning the trial court's ability to enter judgment against Cairo. **See id.**, at 23.

Additionally, Cairo asserts that assuming *arguendo*, the prior appeal and present appeal involve the same issues, the law of the case doctrine does not prevent consideration of the present appeal. **See id.**, at 25. He points to the July 2020 hearing, specifically, his own testimony, as an intervening change in facts that warrant further consideration of whether proper service was made upon him. **See id.**, at 25-26. He argues that none of that testimony existed or was at issue in the prior appeal. **See id.**, at 27. He also alleges that the law of case doctrine does not apply because the prior ruling was erroneous would create a manifest injustice if followed. **See id.**, at 27-30. He reasserts his **Manack** argument that his first reasonable opportunity to raise the issue of improper service was in the petition to vacate judgment. Lastly, he states that by conflating the two appeals, the trial court deprived him of his constitutional right to due process as to his service of process challenge. **See id.**, at 30-32.

This Court has previously explained the law of the case doctrine as follows.

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.... The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy ... but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions;

- 11 -

(3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

***Commonwealth v. McCandless***, 880 A.2d 1262, 1267 (Pa. Super. 2005) (citation omitted), *appeal dismissed as improvidently granted*, 933 A.2d 650 (Pa. 2007). ***See also Neidert v. Charlie,*** 143 A.3d 384, 390-391 (Pa. Super. 2016).

"The doctrine of the law of the case is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the case, reverse its previous ruling even though convinced it was erroneous." ***Benson v. Benson***, 624 A.2d 644, 647 (Pa. Super. 1993) (quotation marks omitted). "Under Pennsylvania law, the doctrine of law of the case does not have an absolute preclusive effect." ***McCandless***, 880 A.2d at 1268 (citation omitted). The doctrine "might not apply under exceptional circumstances, including: an intervening change in the law, a substantial change in the facts, or if the prior ruling was clearly erroneous and would create a manifest injustice if followed." ***McCandless***, 880 A.2d at 1268 (citation and quotation marks omitted). Moreover, this Court has held that the law of the case doctrine does not apply in certain procedural postures:

> Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion. However, a later motion should not be entertained or granted when a motion of the same kind has

previously been denied, unless intervening changes in the facts or the law clearly warrant a new look at the question.

***Parker v. Freilich***, 803 A.2d 738, 745 (Pa. Super. 2002) (citation omitted).

At the outset, we note that we do not decide this appeal based on the law of the case. The trial court did not apply the "law of the case" doctrine to the present appeal. It was only raised by this Court in our July 2020 Rule to Show Cause. Furthermore, as evidenced by our analysis above, we did not apply the doctrine in finding that Cairo's challenges to the order denying his petition to vacate judgment merited no relief.

Instead, we agree with Cairo that there is a distinction, however slight, between the prior appeal and the present appeal. In our prior decision, we affirmed the judgment entered by the trial court. In doing so, we concluded the trial court properly found Cairo's failure to file a *de novo* appeal from the arbitration award resulted in the failure to preserve any issues regarding the award for this Court's review, including that of the asserted absence *of in personam* jurisdiction. Here, we are affirming the trial court's order denying Cairo's petition to vacate judgment. In doing so, we have determined that the court had *in personam* jurisdiction over Cairo because he failed to challenge the method of service at the first reasonable opportunity. While the concepts of personal jurisdiction and service of process are involved in both appeals, the result in this appeal is distinct from the result of Cairo's previous appeal.

For these reasons, Cairo's arguments are unavailing. Accordingly, we agree with the trial court that Cairo has waived his objection to lack of personal jurisdiction and his petition to vacate judgment was properly dismissed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/3/2021